IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06–00043-CR-W-HFS |
| THOMAS R. THRASHER, II, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

Pending before the court is the Government's application for involuntary medication of defendant, who has been ruled mentally incompetent to stand trial on a firearm possession charge. Magistrate Judge Hays conducted a hearing in Springfield under the <u>Sell</u> decision (<u>Sell v. United States</u>, 539 U.S. 166 (2003)) and has filed a report and recommendation that involuntary medication be ordered. For reasons stated, I agree with and will adopt the report and recommendation, although I disagree with one rationale used by Judge Hays, in reliance on <u>United States v. Evans</u>, 404 F.3d 227 (4th Cir. 2005), but nevertheless reach the same result.

A preliminary matter is briefed by defendant and discussed in the report; that is, whether the reasonable time for examination of defendant has elapsed, and, if so, whether he should be discharged or retained in custody under 18 U.S.C. § 4246. This is not the subject of the Government's motion and should properly be presented by motion filed by defendant. For reasons stated, however, I will sua sponte extend the time for examination under 18 U.S.C. § 4241(d)(2) and will allow six months from the date defendant is first medicated to improve his mental condition.

This sua sponte order is subject to reconsideration, if defendant files a motion consistent with his briefing.

I have reviewed the transcript of the hearing and have considered legal issues dealt with in the report and recommendation and in defendant's objections. Most of the issues are adequately described and considered in the report and recommendation and I will avoid mere rephrasing and repetition. The basic issues requiring special attention are outlined in the objections (Doc. 54). Summarily, defendant contends that the Governmental interest is best measured against the likely Guideline sentence, which defendant believes to be 27 to 33 months, a significant portion thereof, over one year, having elapsed since defendant was taken into custody. Defendant further contends that the proposed treatment is too generally described to be adequately appraised as to side-effects and dangers, and likelihood to succeed. There was no expert testimony offered by defendant, however, and the credibility, knowledge, motivation and experience of the Government's witnesses are not challenged. Defendant further contends there has been no exhaustion of less intrusive treatment.

Beginning with the last point, I agree that the record shows it is unlikely that defendant can simply be persuaded to submit to mind-altering medication or that a court order and subsequent contempt proceedings would be anything other than a waste of time, with possible counter-productive results for defendant's paranoid mental condition. The court has very little effective coercive power, given that defendant is in custody. I would of course recommend, and believe the doctors are attuned to trying, further persuasion. Defendant may be advised that the court has ordered the use of medication (unless the doctors refrain from adding to defendant's view that he is being persecuted).

2

As to likely success and harmful side-effects, the testimony satisfies me that the doctors are on top of these issues. It is true that there has been minimal detailing of exact plans, on a drug by drug analysis. I do not see such a requirement in Sell, beyond the record here. I believe the court is in a condition like that of a guardian, and that elaborate parsing of medical recommendations is not necessary. To a large extent, once the experience and expertise of the doctors is established, and they gain the confidence of the patient, patients and those responsible for them tend to accept medical advice, which includes some trial medications to see how they work, and whether harmful side-effects begin to surface. There is danger that Sell will result in over-litigating of such issues, which I do not believe was contemplated by the Supreme Court.[1] Obtaining informed consent from the court should not become a rigorous "federal case", as in malpractice litigation that can take years to resolve. There is more than enough here for giving informed consent in the practical manner that is common in health care situations. See, however, United States v. Dallas, 461 F. Supp. 2d 1033 (D. Neb. 2006).

The most significant issue here, in my judgment, is the measure of governmental interest in proceeding. Time in custody (and anticipated further imprisonment) is to be weighed against "the expected sentence." United States v. Bradley, 417 F.3d 1107, 1116 (10th Cir. 2005). Evans, supra, and several other cases, tend to look to the statutory maximum sentence. I agree with defendant that the "expected sentence" can be more fairly appraised by estimating a Guideline sentence; I also think other known factors bearing on the likely sentence need to be weighed. The court should place

---

[1]Computer research discloses a collection of Sell proceedings well into their second or third years, and only one, from Nebraska, that has proceeded more quickly than this one. Without assessing blame I acknowledge that this case has not moved as rapidly as would be ideal.

3

itself in the position of a prosecutor who is fair-minded and objective. That should allow evaluation of the "governmental interest", not some abstraction like the statutory maximum. See United States v. Schloming, 2006 WL 1320078 (D.N.J. 2006) (followed in United States v. McCray, 2007 WL 276149 (D.N.J. 2007)). I believe the public interest in further prosecution is much better measured by a Guidelines estimate than by a statutory maximum.[2] I disagree with defendant in this case, however, when he simply notes the Guideline sentence but without considering another issue that a fair-minded prosecutor would seriously take into account; that is, the information that the mentally unstable defendant not only possessed a firearm, contrary to law, but that he was threatening to use it. Although the proof is not developed, a prosecutor is entitled to consider a police report that is not obviously defective. One may suppose, therefore, that an enhanced sentence, perhaps as high as five years, would measure the interest in public safety at this time.[3] As such, I ultimately agree with Judge Hays, that governmental interests favor use of medication, even if administered involuntarily.[4] The report and recommendation is therefore adopted. I approve of medication

---

[2]Cases that look to the maximum in determining jury trial rights have a different focus and different concerns. Concepts are governed by context.

[3]The affidavit supporting the criminal complaint reports information from a deputy sheriff that defendant told him that perceived harassment "was enough to make him want to shoot someone." The deputy had prior "information" that defendant had "stated that he was going to kill a cop." Affidavit dated January 6, 2006. Even if such allegations have no legal status, law enforcement personnel have a right (probably a duty) to take them seriously–particularly with no ameliorating material in the file. If defendant's counsel contends it is speculative to suppose the facts behind these allegations will influence the sentence it seems even more speculative to say they will not, particularly where, as here, a deteriorating mental condition has been identified.

[4]While paternalistic appraisal may be out of bounds under Sell, it seems reasonably clear that the proposed efforts at medication to alleviate this defendant's mental condition are in the patient's best interest.

4

administered involuntarily, if necessary, and authorize the Bureau of Prisons to take such action. SO ORDERED.

It is further ORDERED that defendant remain in treatment for up to six months from the date medication is first administered, with the court retaining jurisdiction to modify the period of examination and treatment.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March 7, 2007

Kansas City, Missouri